the loss being a partial one. *Graham* v. *Insurance Co.* 75 Ohio St. 374 [79 N. E. Rep. 930].

Why was not the provision for an appraisement binding upon the mortgagee? If, as said, it was equivalent to a separate policy upon its interest, surely it could not insist upon the payment of the loss until the amount was ascertained in the manner provided by the policy.

The brewing company repudiated, as it had a right to do, the appraisement made by the insurance company and the mortgagor, but the insurance company had the right to an appraisement and award and the mortgagee could not deprive it of such right.

We are therefore of opinion that the brewing company had no right to proceed upon its cross petition until such appraisement and award was demanded or a legal excuse given why it was not done. The cross petition shows no such demand or excuse, neither does the evidence.

For this reason the judgment of the common pleas court must be reversed and the case remanded for such further proceedings as may be required by law.

**Burrows** and **Laubie, JJ.,** concur.

---

## CUSTOM AND USAGE—MASTER AND SERVANT—RAILROADS.

[Lucas (6th) Circuit Court, October 5, 1907.]

Haynes, Parker and Wildman, JJ.

Philip Schwartz v. Lake Shore & M. S. Ry.

Local Yard Custom Competent to Dispel Negligence Charge.

A local yard custom among brakemen, upon discovering that a car coupler would not couple, as to giving the usual stop signal and stepping between the cars to adjust the coupler, is admissible to meet a charge of contributory negligence against a brakeman injured by stepping between a car and locomotive tender to adjust the coupling device. *Lake Shore & M. S. Ry.* v. *Botefuhr,* 30 O. C. C. 67, reaffirmed.

[For other cases in point, see 3 Cyc. Dig., "Custom and Usage," §§ 105, 112; 6 Cyc. Dig., "Master and Servant," §§ 689-693.—Ed.]

[Syllabus approved by the court.]

Error to Lucas common pleas court.

**Marshall & Fraser,** for plaintiff in error.

**Doyle, Lewis & Schauffelberger,** for defendant in error.

## WILDMAN, J.

This is a proceeding to reverse the judgment of the court of common pleas rendered in an action brought by Schwartz, for personal injuries,

Schwartz v. Railway.

caused, as he claims, by the negligence of the defendant company. Upon the trial in the court of common pleas, at the close of plaintiff's evidence, the court directed a verdict for the defendant, upon two grounds: that the evidence failed to show negligence on the part of the company, and that it disclosed contributory negligence on the part of the plaintiff. The case is one of a character not unfamiliar to courts. The plaintiff was a brakeman in the employ of the defendant company and received severe injuries while engaged in coupling cars of a train. He was between the tender of the locomotive and a car, when, in obedience to a signal from the conductor, the locomotive was moved, without warning to Schwartz, and his arm was crushed. I will not attempt in more detail a review of the evidence in the case, but will give my attentior to one or two points which are claimed, in the petition in error, as ground for a new trial.

It is alleged as one ground of error that the court erred in the rejection of evidence offered by the plaintiff. On pages 56 and 57 of the bill of exceptions before us we find an offer of evidence as to the custom of the railway company in switching cars under circumstances like these in the case at bar. The court, however, sustained an objection to the question asked, and an exception was taken by counsel for the plaintiff, who at the same time offered to prove by the answer of the witness that "according to the universal custom of the defendant in that railroad yard, the brakeman, after seeing that the coupler would not couple"— (it being a mechanical coupling between the tender and the car, which it appeared by the evidence would not work)—"would give the engineer the usual stop signal with his hand, and step in between to adjust the knuckle." Then counsel informed the court: "and this will be followed up by questions, which, if permitted to be answered, will draw out the statement from the witness, according to the custom, he would not go to the engineer and tell him what he was going to do or what his signal meant, and he would not, before stepping in between the cars, wait until he had told the conductor what he was going to do in there; and further that in compliance with the custom the brakeman would not, after the engine stopped, after it was standing still, after he had given the stand signal, he would not, before stepping in between, look and see whether the engineer was watching." Whereupon the court said: "The objection to the introduction to that testimony will be sustained;" and the defendant excepted.

In the conversation preliminary to this offer, between counsel and the court, the judge, in saying that the objection would be sustained, added: "I do not understand it to be competent to show what was

the proper thing to do by showing what they usually do.'' The questions by which this evidence was sought to be elicited from the witness were not very artistically framed and possibly the court may have been justified in requiring some clearer statement of the interrogatories to the witness; but we gather from the language of the judge that it was intended to exclude evidence of that character upon the ground suggested by him—that it was not competent to show· what ought to have been done, or what it was proper to do, by what was usually done. We think, however, that if it was intended to exclude all evidence as to a local custom which had obtained in the operation of defendant's trains in the yard, the court was in error.

It is not worth while to cite authorities, in view of the fact that this question has come before the court on other occasions, and the holding, so far as I have known, has been uniformly made that a custom of this character may be shown for its bearing upon the conduct of the parties. A custom of brakemen of going between cars to uncouple and remaining there in supposed security against any danger from moving of the train, would naturally have some effect upon the conduct of the brakeman. His knowledge that the conductor would not be likely, by reason of the custom, to signal for the moving of the train while he was in such a place of danger, bears legitimately on an inquiry whether he exercised ordinary care. The custom would naturally have an effect upon the conduct of the conductor also, because he might assume that the brakeman, having knowledge of such a common practice, would follow it.

The cases of *Carl* v. *Railway*, 10 Circ. Dec. 711 (20 R. 68); *Pennsylvania Co.* v. *Mahoney*, 12 Circ. Dec. 366 (22 R. 469); *Memphis & C. Packet Co.* y. *Britton*, 25 O. C. C. 153, are all cases which perhaps should be referred to in this connection in support of the position which has just been taken and expressed. The case of *Toledo Ry. & Light Co.* v. *Ward*, 25 O. C. C. 399, held, as disclosed by the syllabus:

''Evidence of a custom of slackening the speed of electric cars in approaching a particular street crossing is admissible in a trial involving a collision at that crossing, as bearing upon the question of· contributory negligence on the part of the one injured.''

The case at bar is very similar in some of its aspects to the case of *Pennsylvania Co.* v. *Mahoney, supra;* the case of *Andrews* v. *Railway*, 8 Circ. Dec. 584 (19 R. 699), decided by this court, and also the case of *Lake Erie & W. Ry.* v. *Mulcahy*, 9 Circ. Dec. 82 (16 R. 204), decided by the circuit court of the third circuit. Another case almost precisely in point and remarkably like the present one in most of its de-

tails, was decided by this court at the last term, Judges Haynes, Parker and Taggart sitting, I at the time being engaged in the Cuyahoga circuit. The case to which I refer is that of *Lake Shore & M. S. Ry.* v. *Botefuhr*, 30 O. C. C. 67. In this case, as in the others, the principle was announced that evidence as to a custom in a yard was proper to be received. The language in the syllabus of the case is as follows:

"Evidence that it was the custom of a railway conductor to give warning to the trainmen assisting him in the making up of a train in the yards, is admissible upon the question whether, knowing the custom, the conductor exercised ordinary care, and also upon the question of whether the deceased, being aware of the custom, and of the habit of the conductor, was guilty of contributory negligence."

In the case at bar Schwartz had been in the employ of the railway company for many years, and it may be said, as in *Toledo Ry. & Light Co.* v. *Ward, supra*, that it was a question for the jury whether or not he had such knowledge of a common practice and to what extent his conduct was influenced by it.

Whether we should reverse the judgment because of the rejection of this evidence, it is perhaps unnecessary for us to say. The framing of the question was such that possibly the court may have been justified in refusing to permit it to be answered without some reformation of it so as to make it more clearly express to the witness the meaning of counsel. But I have said this much with regard to this evidence, in view of the claim made that the court erred, and by reason of the fact that we have concluded that the judgment should be reversed on another ground, and we desire to indicate to the trial court what should be the rule on another trial as to the admission or rejection of evidence of this character.

I will not stop to read further from any of the cases cited. They may be read with profit and interest in connection with the case at bar. We think that even without the evidence which the plaintiff sought to introduce, the court should have permitted the case to go to the jury; that there was at least a scintilla of evidence tending to sustain the claims of plaintiff's petition, and for the error of the court in arresting the case from the jury and directing a verdict for the defendant, the judgment based upon the verdict is set aside and the cause will be remanded for a new trial at the costs of the defendant in error.

**Haynes** and **Parker, JJ.,** concur.